# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

     v.                 :        **16-MJ-0730 (GMH)**

PAMELA KIREA WILSON     :

## DEFENDANT'S MEMORANDUM IN OPPOSITION
## TO GOVERNMENT'S REQUEST FOR DETENTION

Based on a Criminal Complaint charging one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), the government has requested pretrial detention of Ms. Pamela Kirea Wilson, pursuant to 18 U.S.C. § 3142(f)(1)(A), asserting that there are no conditions or combination of conditions that will reasonably assure the safety of the community. The government has not, however, submitted sufficient evidence to establish probable cause to believe that Ms. Wilson committed the offense of distribution of child pornography, and therefore, the Complaint must be dismissed pursuant to Federal Rule of Criminal Procedure 5.1(f). Alternatively, the government's request for pretrial detention must be denied because there are a combination of conditions of release that will reasonably assure the safety of the community.

**I.      THE GOVERNMENT'S EVIDENCE DOES NOT SUPPORT A FINDING OF PROBABLE CAUSE TO BELIEVE THAT MS. WILSON VIOLATED 18 U.S.C. § 2252(a)(2).**

The Complaint in this matter charges that Ms. Wilson "did knowingly distribute any child pornography as defined in 18 U.S.C. 2256(8), that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer," in violation of 18 U.S.C. § 2252(a)(2).

The evidence presented at the detention hearing on October 28, 2016, however, fails to establish probable cause to believe that Ms. Wilson *distributed* the videos at issue.

At the hearing, Detective Timothy Palchak testified that he met Ms. Wilson online and communicated with her via text messaging between August 29, 2016, and her arrest on October 26, 2016.  Detective Palchak also adopted the affidavit he prepared in support of the Complaint. According to the affidavit, on September 13, 2016, while texting Ms. Wilson, Detective Palchak asked her if she had "a lot of good vid[eo]s."  Aff. at 4.  The affidavit states that Ms. Wilson indicated that she had videos, but stated, "It's in a Dropbox don't fe[e]l comfortable sending videos but I don't mind giving you access to the Dropbox[.]"  *Id.*  According to the affidavit, Ms. Wilson subsequently sent an email address and a password for the Dropbox account.[1]  *Id.*

At the detention hearing, Detective Palchak also suggested that Ms. Wilson sent a link to the videos, and the United States' Memorandum in Support of Pretrial Detention Pursuant to 18 U.S.C. § 3142(f)(1)(A) (hereinafter "Gov't") also makes reference to Ms. Wilson sending a "link" to videos.  However, the affidavit does not state that she sent a link, and the copies of the text messages purportedly sent between Detective Palchak and Ms. Wilson, which have been provided to undersigned counsel, confirm that no link was sent.[2]  According to the text messages, on both September 13, 2016, and again on October 17, 2016, Ms. Wilson sent only the email and password to enable Detective Palchak to access the Dropbox.  *Id.*

According to both the affidavit and his testimony at the hearing, Detective Palchak used the email address and password, and  "accessed"  and "viewed" the videos in the Dropbox

---

[1] As the attached screenshot from Dropbox.com demonstrates, the email address serves as the user name, and the Dropbox account can be accessed with that user name and password. Attachment A.

[2] Counsel can provide copies of the text messages to the Court at the hearing on November 1, 2016.

account.  *Id.*  at 5.  There is no evidence that Detective Palchak downloaded the videos or that Ms. Wilson gave him authorization to download, rather than access to view, the videos.  In fact, the evidence affirmatively demonstrates that Ms. Wilson intended only to give him access to view the videos, as she said "I don't mind giving you *access* to the Dropbox."[3]  *Id.* at 4.

The distribution violation charged here "require[s] the transfer of possession of child pornography to another person."  *United States v. Husmann*, 765 F.3d 169, 174 (3d Cir. 2014).  As the Third Circuit noted in *Husmann*, "[s]everal circuits have made clear that distribution occurs when pornographic materials are actually transferred to or downloaded by another person."  *Id.*  The *Husmann* court cited a number of cases in which placing files in a shared folder was enough to support a conviction for distribution, but only when the evidence demonstrated that the files were in fact taken (downloaded) from the shared folder.  *Id.*

In support of its position that a download of the files is not required, the government cites *United States v. Davis*, __ F. App'x __, 2016 WL 4611028 (6th Cir. Sept. 6, 2016), asserting that the facts in that case were "nearly identical to those in this case."  Gov't 11.  While the facts may have been similar, the same issue was not presented.  Davis did not challenge his conviction for distribution.  2016 WL 4611028, at *1.  The only issue raised in *Davis* was whether the application of the distribution sentencing enhancement under U.S.S.G. § 2G2.2(b)(3)(F) impermissibly "double counted" the distribution at issue.  *Id.*  The government misstates the holding in *Davis* when it claims:  "emailing of a link and invitation to view the contents of the account Davis created was sufficient for the Sixth Circuit to affirm not just defendant's plea to

---

[3] In its memorandum, the government claims that after her arrest, Ms. Wilson told investigators that she "accessed DropBox on her cellular phone to collect, store and share her child pornography."  Gov't 9.  However, Detective Palchak did not testify that Ms. Wilson said she used the Dropbox to "share" child pornography, and the FBI 302 documenting Ms. Wilson's post-arrest statements does not reflect any statement that she used Dropbox to "share" videos.

distribution of child pornography, but also the district court's application of the distribution enhancement under § 2G2.2 of the United States Sentencing Commission's voluntary sentencing guidelines to the possession charges for which defendant was convicted."   Gov't 12.  Davis did not challenge his conviction, and the *Davis* court was not asked to consider the sufficiency of the evidence.

The *Davis* court did note that the Sixth Circuit "has repeatedly found that § 2G2.2(b)(3)(F) is properly applied to defendants who knowingly distribute child pornography through peer-to-peer software," and stated that "sending emails inviting others to view child pornography in an online account" is sufficient to warrant the enhancement, 2016 WL 4611028, at *2, but as the Third Circuit explained in *Husmann*, the standard for applying the distribution enhancement under the Guidelines is not the same as the standard for a distribution conviction, because the Guidelines provision applies to any act related to the transfer of material and a distribution is not required for application of the enhancement.  *See Husmann*, 765 F.3d at 176. As the *Husmann* court explained:

> While several circuits have held that merely placing child pornography in a shared folder on a file sharing network warrants application of a distribution enhancement, no circuit has relied on the Sentencing Guidelines definition of "distribution" to interpret the meaning of the term in § 2252(a)(2).  Because "distribution" in § 2252(a)(2) is narrower than the same term in § 2G2.2(b)(3), we decline to adopt the definition of "distribution" laid out in the Sentencing Guidelines.
>
> Based on the ordinary meaning of the word "distribute," the other statutory provisions criminalizing child pornography offenses, and the decisions of our sister circuits, we hold that the term "distribute" in § 2252(a)(2) requires evidence that a defendant's child pornography materials were *completely transferred to or downloaded by* another person.

*Husmann,* 765 F.3d at 176 (emphasis added). There is no dispute that the videos at issue here were not transferred to or downloaded by Detective Palchak. Because the government has failed to establish that Ms. Wilson distributed child pornography, the Complaint must be dismissed.

The government also relies on *United States v. Hester*, 2015 WL 7758877 (S.D.N.Y. Nov. 30, 2015), but as in *Davis*, the issue presented here was not presented in *Hester*. Hester did not claim that the alleged actions were not sufficient to support a distribution charge, but rather that the government failed to prove he committed the charged acts. *Id.* at *1-2. Moreover, Hester admitted that he "shared" videos with others – suggesting that others downloaded the videos from his Dropbox – and he was charged with "receiving or distributing" the videos at issue. *Id.* There was no such admission here, and Ms. Wilson is not charged with "receiving" videos.

Finally, as the court in *Husmann* explained, the remaining cases cited by the government do not support its position that merely placing materials in a shared folder is sufficient to support a distribution charge. As the court in *Husmann* noted, in *Shaffer* – the case relied on by the government here – the evidence established that others downloaded files from the defendant's shared folder. *Husmann*, 765 F.3d at 175 (citing *United States v. Shaffer*, 472 F.3d 1219, 1223-24 (10th Cir. 2007)). As the *Husmann* court stated, "[t]o be clear, no circuit has held that a defendant can be convicted of distribution under § 2252 in the absence of a download or transfer of materials by another person." *Id.* at 175.

The government attempts to distinguish *Husmann* by arguing that by viewing the videos, Detective Palchak "obtained" them. Gov't 16. *Husmann* does not support such a finding, but rather specifically requires that the materials be "completely transferred or downloaded." *Id.* Because there was no download or transfer here, the government's use of the *Shaffer* analogy

regarding a self-serve gas station is misplaced – unlike the gas in the government's analogy, no one took possession of the videos at issue here.  Ms. Wilson's actions were more analogous to a museum.  A museum offers patrons an opportunity to view art, but does not transfer it to the patrons or authorize them to take the art.  A museum does not distribute art.  Similarly, Ms. Wilson allegedly gave Detective Palchak access, but did not authorize him to take any materials.  And he did not take any materials.

The government's analogy to drug distribution cases also misses the mark. The government argues that a defendant who gave someone drugs by providing the password or combination to a storage locker containing the drugs has distributed drugs.  In the government's hypothetical, the drugs are not distributed until the intended recipient opens the locker and takes possession of the drugs – the transfer must be complete.  If the intended recipient opens the locker and looks at the drugs, but does not take them, no distribution had occurred.

## II.     RELEASE TO THE HIGH INTENSITY SUPERVISION PROGRAM WITH GPS MONITORING AND HOME CONFINEMENT WOULD BE SUFFICIENT TO ENSURE THE SAFETY OF THE COMMUNITYAND MS. WILSON'S APPEARANCE IN COURT.

The government argues for detention based on the statutory presumption that when a defendant is charged with distribution of child pornography, no condition or combination of conditions will reasonably assure the safety of the community.  Gov't 17 (citing 18 U.S.C. § 3142(e)(3)(E)).  The circumstances of this case, the history and characteristics of Ms. Wilson, and the options available to the Court rebut this presumption.

Ms. Wilson was just 19 years old at the time of the charged conduct.  She has never before been charged with or convicted of any crime.  At the time of her arrest, she was working at a hair salon and attending classes at Northern Virginia Community College.

In seeking detention, the government relies primarily on the nature of the charges against Ms. Wilson, arguing that she is a danger to the community.  The charge here is undoubtedly very serious.  However, the government's argument that Ms. Wilson is a danger to the community must be considered in light of the government's decisions during its investigation in this case.  According to Detective Palchak, Ms. Wilson first gave him access to the Dropbox on September 13, 2016.  The charged conduct has been known to the government since that date, but no efforts were made to arrest or detain Ms. Wilson, until more than a month later, on October 26, 2016.

Notably, between the time that Detective Palchak first contacted Ms. Wilson on August 29, 2016, and the date of her arrest on October 26, 2016, Detective Palchak repeatedly tried to arrange to meet with Ms. Wilson for the purpose of engaging in sexual contact with a minor, but Ms. Wilson repeated declined to do so.  While, according to Detective Palchak, she engaged in disturbing "chats," she never acted on those discussions.  Instead, she gave Detective Palchak multiple excuses for why she could not do so, including because she was busy, she was sick, she was not sure of her schedule, and she was going to the movies.   The only time she agreed to meet with Detective Palchak was when it was clear that there would be no child at the meeting and that she was only meeting Detective Palchak for lunch.  This conduct negates the government's suggestion that Ms. Wilson would be a danger to the community.

The government notes that Detective Palchak testified that Ms. Wilson admitted her conduct, and, with absolutely no support in the record, the government argues that Ms. Wilson "did so without remorse."  There is no such evidence of any "lack of remorse."  Moreover, as noted at the detention hearing, Ms. Wilson has voluntarily agreed to participate in therapy while on pretrial release.

The government also places great weight on the evidence that Ms. Wilson was contacted by law enforcement in 2015 when a search warrant was executed at her house.  However, no illegal materials were seized during that search, and although the government claims that law enforcement authorities had evidence of Ms. Wilson's prior possession and distribution of child pornography, Ms. Wilson was not arrested.  She did voluntarily meet with law enforcement officers at that time, and she also voluntarily complied with the one request they made – that she no longer work for a daycare facility.  After meeting with law enforcement in 2015, she heard nothing from law enforcement regarding those allegations until her arrest in this case, more than a year later.   Since her arrest and detention in this case, the seriousness of the charged conduct is now clear to her.

Despite the charges against her, there are conditions that will assure the safety of the community if she is released.  Ms. Wilson is eligible for Pretrial Service's High Intensity Supervision Program (HISP) with GPS monitoring.  The Court can release her to HISP and be assured that with GPS tracking, the Court will know where she is at all times, and can limit her movement as the Court finds appropriate.  In addition, the Court can order that she have no contact with any minors and that she not use a computer, cell phone, or the internet.

Ms. Wilson's family is also available and willing to provide additional assurances that Ms. Wilson will abide by the conditions of release.  After the detention hearing on October 28, 2016, Ms. Wilson's mother contacted Ms. Wilson's grandmother, who lives in Alabama, but is retired.  Ms. Wilson's grandmother then traveled to Virginia and is now staying with Ms. Wilson's mother.  If Ms. Wilson is released, her grandmother will stay with Ms. Wilson until this matter is resolved.  Ms. Wilson's mother also has a significant amount – at least ten weeks – of annual leave available and is willing to use this time to ensure that, between

Ms. Wilson's grandmother and her mother, someone will be with Ms. Wilson in the family home, and can escort her to any outside appointments, 24 hours a day, until this case is resolved.

According to the government's allegations, Ms. Wilson committed the charged offense on her cell phone.  The government now has that cell phone, and the Court can be assured that Ms. Wilson will not have access to a cell phone if released.  Ms. Wilson's grandmother does not have a cell phone.  Ms. Wilson's mother is willing to suspend her cell phone service, and has arranged to have a landline phone installed in her home.  In addition, Ms. Wilson's mother has indicated that there were two laptops computers in the home and both belonged to her.  One was a work laptop and the other was her personal laptop.  Ms. Wilson's mother has removed these computers from the home by giving them to her sister for safekeeping until this matter is resolved.  Thus, if the Court releases Ms. Wilson to her home, she will have no access to any cell phone or computer.

Finally, to give the Court additional assurances that Ms. Wilson will comply with the conditions of her release, Ms. Wilson will attend counseling sessions.  Ms. Wilson is covered by her mother's Kaiser Permanente insurance and is eligible to receive counseling.  Ms. Wilson's mother has contacted Kaiser Permanente.  She was unable to make the appointment for her daughter because Ms. Wilson is an adult, but her mother was assured that Ms. Wilson can make an appointment immediately upon her release.

Given the circumstances in this case, the proposed conditions are sufficient to assure the safety of the community.  Similar conditions have been found sufficient in other cases in which the defendants were charged with similar offenses.  *See United States v. Ryan Young*, 15-mj-466 (AK), Dkt. #8 (defendant charged with distribution of child pornography released to HISP with conditions that father will act as third-party custodian, home confinement and no access to

internet or computer); *United States v. Eduardo Abreu*, 14-mj-418 (JMF), Dkt. #3 (defendant charged with distribution of child pornography released to HISP with conditions of no contact with minors, report for mental health assessment, surrender passport, and do not buy computer); *United States v. Wesley Hawkins*, 13-mj-478 (JMF), Dkt. 2 (defendant charged with distribution of child pornography released to HISP with condition of no access to internet and no access or contact with minors; *United States v. Cody Wolfe*, 09-mj-668 (JMF), Dkt. #4 (defendant charged with distribution of child pornography released to HISP with conditions of no contact with sister, participation in therapy and no access or use of device to obtain internet, including computer or cell phone) *see also United States v. Mark Misiano*, 15-mj-599 (AK), Dkt. #9 (defendant charged with distribution of child pornography released to third party custody of parents, with conditions of no contact with minor and no use of computer or the internet); *United States v. James W. Green, Jr.*, 13-mj-032 (AK), Dkt. #6 (defendant charged with receiving child pornography released to third party custody of father, with conditions of no contact with children and no possession of device that can access computer).

## Conclusion

Wherefore, for the foregoing reasons, the government has not met its burden of demonstrating that Ms. Wilson distributed child pornography, and the Complaint must be dismissed.  Alternatively, there are a combination of conditions that will assure the safety of the community and Ms. Wilson's appearance before the Court.  Specifically, Ms. Wilson should be released to the HISP program and the custody of her mother and grandmother, with the conditions that she have no contact with minors and not access a cell phone, a computer, or the internet.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500